No. 21-1255

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

DOMINIC BIANCHI, ET AL.,
*Plaintiffs-Appellants*,

v.

ANTHONY G. BROWN, ET AL.,
*Defendants-Appellees*.

On Appeal from the United States District Court for the District of Maryland
No. 1:20-cv-03495
Hon. James K. Bredar, District Judge

**UNOPPOSED MOTION OF GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE, BRADY CENTER TO PREVENT GUN VIOLENCE, AND MARCH FOR OUR LIVES TO FILE BRIEF OUT OF TIME AS *AMICI CURIAE* IN SUPPORT OF DEFENDANTS-APPELLEES**

*Of Counsel:*

Esther Sanchez-Gomez
Leigh Rome
William T. Clark
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
268 Bush Street #555
San Francisco, CA 94104
(415) 433-2062
esanchezgomez@giffords.org
lrome@giffords.org
wclark@giffords.org

Eric B. Bruce
    *Counsel of Record*
Jennifer Loeb
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4500
eric.bruce@freshfields.com
jennifer.loeb@freshfields.com

*(Additional Counsel on Next Page)*

Douglas N. Letter
Shira Lauren Feldman
BRADY CENTER TO PREVENT GUN
VIOLENCE
840 First Street, NE Suite 400
Washington, DC 20002
(202) 370-8100
dletter@bradyunited.org
sfeldman@bradyunited.org

Ciara Wren Malone
MARCH FOR OUR LIVES
90 Church Street #3417
New York, NY 10008
(913) 991-4440
ciara.malone@marchforourlives.com

Aaron R. Marcu
Brandt Henslee
Yulia Dernovsky
Daniel Hodgkinson
Susannah Benjamin
Taylor Jachman
FRESHFIELDS BRUCKHAUS DERINGER US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
(212) 277-4000
aaron.marcu@freshfields.com
brandt.henslee@freshfields.com
yulia.dernovsky@freshfields.com
daniel.hodgkinson@freshfields.com
susannah.benjamin@freshfields.com
taylor.jachman@freshfields.com

*Counsel for Amici Curiae*

## I. INTRODUCTION

Proposed *Amici Curiae* Giffords Law Center to Prevent Gun Violence ("Giffords Law Center"), Brady Center to Prevent Gun Violence ("Brady"), and March for Our Lives ("MFOL") (together, "*Amici*") respectfully move for leave to file the proposed *amicus curiae* brief, attached as Exhibit A, in support of Defendants-Appellees' Supplemental Brief, ECF No. 59. In accordance with Local Rule 27(a), Plaintiffs-Appellants and Defendants-Appellees have provided consent to this motion, and *Amici*'s arguments below demonstrate why this Court should permit *Amici* to participate in these proceedings.

Giffords Law Center is a non-profit policy organization serving lawmakers, advocates, legal professionals, gun violence survivors, and others who seek to reduce gun violence and improve the safety of their communities.

Brady is the nation's longest-standing non-partisan, non-profit organization dedicated to reducing gun violence through education, research, legal advocacy, and political action.

MFOL is a youth-led non-profit organization dedicated to promoting civic engagement, education and direct action by youth to achieve sensible gun violence prevention policies that will save lives.

Through partnerships with researchers, public health experts, and community organizations, *Amici* conduct research for, draft, and defend laws, policies, and

1

programs proven to reduce gun violence. Giffords Law Center, Brady, and MFOL have filed numerous *amicus* briefs in cases involving the constitutionality of firearms regulations,[1] and judges have regularly cited the organizations' research and expertise.[2]

## II. ARGUMENT

### A. This Court May Permit *Amici*'s Out of Time Filing

Under Federal Rule of Appellate Procedure 29(a)(6), while an *amicus curiae* must generally file its brief "no later than 7 days after the principal brief of the party being supported is filed," "[a] court may grant leave for later filing [of an *amicus* brief], specifying the time within which an opposing party may answer." *Amici* submit that, for the reasons set forth below, this Court should grant leave for later filing and accept the attached *amicus* brief.

---

[1] *See, e.g., N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022); *McDonald v. City of Chicago, Ill.*, 561 U.S. 742 (2010); *D.C. v. Heller*, 554 U.S. 570 (2008); *Libertarian Party of Erie Cnty. v. Cuomo*, 970 F. 3d 106 (2d Cir. 2020).
[2] *See, e.g.*, *Nat'l Ass'n for Gun Rts. v. Lamont,* 2023 WL 4975979, at *12 (D. Conn. Aug. 3, 2023); *Hanson v. District of Columbia*, 2023 WL 3019777, at *10, *14, *16 & nn.8, 10 (D.D.C. Apr. 20, 2023); *Rupp v. Becerra,* 401 F. Supp. 3d 978, 990 (C.D. Cal. 2019); *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. AG N.J.,* 910 F. 3d 106, 121-22 (3d Cir. 2018); *Md. Shall Issue v. Hogan,* 353 F. Supp. 3d 400, 403-05 (D. Md. 2018); *Stimmel v. Sessions,* 879 F. 3d 198, 208 (6th Cir. 2018); *Peruta v. Cnty. of San Diego,* 824 F. 3d 919, 943 (9th Cir. 2016) (en banc) (Graber, J., concurring). Giffords Law Center filed the latter 2 briefs under its former name Law Center to Prevent Gun Violence.

2

First, *Amici* submit this request more than a month before argument in this matter and request no additional time for filing—the proposed *amicus* brief is attached here as Exhibit A.[3]

Second, *Amici* are seeking to file the proposed brief at this time because the upcoming rehearing of this matter *en banc* comes after more than a year of inactivity in the case. Given the significant changes in the applicable law during that time, including the significant constitutional question at issue following the Supreme Court's holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and the numerous decisions of other circuit and district courts since the parties submitted their supplemental briefs, the Court would benefit by granting leave for *Amici* to file. As described in greater detail below, *Amici* offer critical and useful information related to the regulated assault weapons and the Maryland statutes at issue and does not duplicate the arguments of the parties.

Allowing *Amici* to file their proposed brief now will not delay the Court's consideration of this case. This Court has previously accepted out of time *amicus* filings. *See Sgt. Brian T. Pope v. Clayton Hulbert, et al.*, No. 21-1608 (4th Cir. Mar. 1, 2022), ECF No. 37 (granting filing of out-of-time *amicus curiae* brief). And courts have allowed the filing of an *amicus* brief long after the brief would have normally

---

[3] Should *Amici*'s Motion be granted, *Amici* will immediately file 16 additional paper copies of the attached brief in accordance with the Court's January 12, 2024, Order, ECF No. 76.

3

been due under Federal Rule of Appellate Procedure 29(a)(6) where, as here, it would not unduly delay the resolution of the matter. *See Cal. Restaurant Ass'n v. City of Berkeley*, No. 21-16278 (9th Cir. Mar. 31, 2022), ECF No. 64 (granting motion for leave to file out-of-time *amicus curiae* brief); *see also Andersen v. Leavitt*, 2007 WL 2343672, at *2 (E.D.N.Y. Aug. 13, 2007) (*amicus* brief filed five months after deadline); *United States v. Holy Land Found. For Relief & Dev.*, 2009 WL 10680203, at *3 (N.D. Tex. July 1, 2009) (*amicus* brief filed three months after deadline).

## B.  *Amici* Have an Adequate Interest, Desirability, and Relevance

*Amici* also meet the conditions for an appropriate *amicus curiae* filing. While this Court has yet to elaborate on the requirements for the role of an *amicus*, it frequently accepts *amicus curiae* filings. In fact, this Court recently accepted an *amicus curiae* brief submitted by *Amici* Giffords Law Center and Brady in a case that similarly involves a constitutional challenge to firearm regulations. *See Steven Brown v. ATF*, No. 23-2275 (4th Cir. Jan. 30, 2024), ECF No. 27.

The Third Circuit has held that under Federal Rule of Appellate Procedure 29(b), the movant seeking leave to appear as *amicus curiae* must show "(a) an adequate interest, (b) desirability, and (c) relevance . . . ." *Neonatology Assocs., P.A. v. Comm'r*, 293 F. 3d 128, 131 (3d Cir.) (Alito, J.), *aff'd*, 299 F. 3d 221 (3d Cir. 2002).  "[A]n *amicus* who makes a strong but responsible presentation in support of

4

a party can truly serve as the court's friend." *Id.*; *see also Miller-Wohl Co. v. Comm'r of Lab. & Indus. State of Mont.*, 694 F. 2d 203, 204 (9th Cir. 1982) ("classic role of *amicus curiae* [is to] assist[] in a case of general public interest, supplement[] the efforts of counsel, and draw[] the court's attention to law that escaped consideration").

*Amici* satisfy all of the *Neonatology* requirements for filing an *amicus* brief and should thus be granted leave to participate in this litigation.

*First*, *Amici* have a significant interest in the outcome of this litigation. The principle at stake—the ability of states to regulate weapons and accessories that create a heightened risk of danger to our communities—is fundamental to *Amici*'s mission. The resolution of Plaintiffs' motion will involve Second Amendment constitutional principles that could affect *Amici*'s future efforts, in Maryland and elsewhere, to reduce gun violence through gun safety legislation. These facts weigh in favor of allowing participation by *Amici*. *See California v. U.S. Dept. of Labor*, 2014 WL 12691095 at *1 (E.D. Cal. Jan. 14, 2014) (granting leave to file *amicus* brief where case implicated constitutional issues and therefore had "potential ramifications beyond the parties directly involved").

*Second*, *Amici*'s views will be useful to the Court, as *Amici* bring unique information and perspective to the issues implicated in this constitutional challenge and have "particular expertise" about assault weapons, gun regulations, and gun

5

violence. *See Neonatology*, 293 F. 3d at 132 (noting a "particular expertise not possessed by any party to the case" as reason for granting leave to file *amicus* brief over objection that party was already adequately represented). Informed by that expertise, *Amici*'s submission will offer context for the Maryland laws at issue, information about the public safety interests advanced by the laws' restrictions on assault weapons and large capacity magazines, and aid the *en banc* Court's analysis of Second Amendment issues.

*Third*, *Amici*'s perspective is relevant for the Court, as demonstrated by the number of courts, including federal district courts, that have specifically relied on similar information supplied by *Amici* when deciding other cases involving constitutional challenges to firearms regulations. *See, e.g.*, *Lamont,* 2023 WL 4975979, at *12 (citing *amicus* briefs filed by Giffords Law Center, Brady, and MFOL for analysis of individual self-defense under the Second Amendment); *Hanson*, 2023 WL 3019777, at *10, *14, *16 & nn.8, 10 (citing joint *amicus* brief filed by Brady, Giffords Law Center, and MFOL for analysis of large capacity magazines and individual self-defense under the Second Amendment); *Peruta*, 824 F. 3d at 943 (Graber, J., concurring) (citing Giffords Law Center *amicus* brief, filed under former name Law Center to Prevent Gun Violence, for analysis of homicides carried out by concealed weapons permit-holders); *Nat'l Ass'n for Gun Rts., Inc. v. City of San Jose*, 2022 WL 3083715, at *9 n.4 (N.D. Cal. Aug. 3, 2022) (referring

6

to the "strong arguments offered by *amicus* [Brady]"); *Mishaga v. Smith,* 136 F. Supp. 3d 981, 996 (C.D. Ill. 2015) (referring to [Giffords] Law Center to Prevent Gun Violence *amicus* brief as a line of reasoning "driv[ing] [the Court's] conclusion").

In addition to the *Neonatology* factors, the Court should accept *Amici*'s proposed brief for the following reasons:

1. While *Amici* submit their proposed brief in support of Defendants-Appellees' Supplemental Brief, the organizations' support for a particular litigation outcome should not disqualify them from participating in this matter as *amici curiae*. *See Funbus Sys., Inc. v. State of Cal. Pub. Utilities Comm'n.,* 801 F. 2d 1120, 1125 (9th Cir. 1986) (it is "a perfectly permissible role for an *amicus*" to "take a legal position and present legal arguments in support of it"). "An *amicus*, of course, is not a party to the litigation and participates only to assist the court. Nevertheless, by the nature of things an *amicus* is not normally impartial" and "there is no rule . . . that *amici* must be totally disinterested." *Waste Mgmt. of Pennsylvania, Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995) (internal quotation marks omitted); *see also United States v. Alkaabi*, 223 F. Supp. 2d 583, 592 (D.N.J. 2002) ("there is no rule that *amici* must be totally disinterested"); *Friends of Everglades, Inc. v. S. Fla. Water Mgmt. Dist.*, 2005 WL 8160352, at *1 (S.D. Fla. Nov. 1, 2005) (rejecting plaintiff's "unpersuasive" claim that "*amici* must be neutral").

7

2. While *Amici* agree with Defendants that Plaintiffs' motions for a preliminary injunction should be denied, *Amici*'s proposed brief does not duplicate Defendants' arguments about why the Court should refuse to issue a preliminary injunction. Instead, the proposed brief provides the Court with context regarding the new Second Amendment test set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, the Maryland laws that are at issue in this case, and the public safety interests advanced by those regulations.

3. No party or counsel for a party authored this brief in whole or in part, and no person other than *Amici* or their counsel contributed any money to fund its preparation or submission. *See* Fed. R. App. P. 29(a)(4)(E).

4. *Amici*'s proposed brief complies with the Federal and Local Rules of Appellate Procedure, including the page limitations and font requirements set forth in Federal Rule of Appellate Procedure 32.

5. All parties consent to this motion and no party would be prejudiced by the filing of this *amicus curiae* brief.

Accordingly, *Amici* respectfully request leave from the Court to submit the proposed *amicus curiae* brief.

8

Dated: February 16, 2024

Respectfully submitted,

/s/ *Eric B. Bruce*
Eric B. Bruce
   *Counsel of Record*
Jennifer Loeb
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street NW, 10th Floor
Washington, DC 20005
(202) 777-4500
eric.bruce@freshfields.com
jennifer.loeb@freshfields.com

Aaron R. Marcu
Brandt Henslee
Yulia Dernovsky
Daniel Hodgkinson
Susannah Benjamin
Taylor Jachman
FRESHFIELDS BRUCKHAUS DERINGER US LLP
3 World Trade Center
175 Greenwich Street, 51st Floor
New York, NY 10007
(212) 277-4000
aaron.marcu@freshfields.com
brandt.henselee@freshfields.com
yulia.dernovsky@freshfields.com
daniel.hodgkinson@freshfields.com
susannah.benjamin@freshfields.com
taylor.jachman@freshfields.com

*Counsel for Amici Curiae*
Giffords Law Center to Prevent Gun Violence, Brady Center to Prevent Gun Violence, and March for Our Lives

9

## CERTIFICATE OF SERVICE

I certify that, on February 16, 2024, a true and correct copy of the foregoing Motion for Leave to File an *Amicus Curiae* Brief Out of Time was filed with the Clerk of the United States Court of Appeals for the Fourth Circuit via the Court's CM/ECF system, which will send notice of such filing to all registered CM/ECF users.

Dated: February 16, 2024

*/s/ Eric B. Bruce*
Eric B. Bruce

*Counsel for Amici Curiae*
Giffords Law Center to Prevent Gun Violence, Brady Center to Prevent Gun Violence, and March for Our Lives