

**CANDACE MCLAREN LANHAM**
*Chief Deputy Attorney General*

**CAROLYN A. QUATTROCKI**
*Deputy Attorney General*

**LEONARD HOWIE**
*Deputy Attorney General*

**ANTHONY G. BROWN**
*Attorney General*

**STATE OF MARYLAND**
**OFFICE OF THE ATTORNEY GENERAL**

**CHRISTIAN E. BARRERA**
*Chief Operating Officer*

**ZENITA WICKHAM HURLEY**
*Chief, Equity, Policy, and Engagement*

**PETER V. BERNS**
*General Counsel*

Telephone
410-576-7055

Email
rscott@oag.state.md.us

February 29, 2024

Nwamaka Anowi, Clerk
United States Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

    Re:    Rule 28(j) letter, *Dominic Bianchi v. Anthony G. Brown et al.*,
             No. 21-1255

Dear Madam Clerk:

I write pursuant to Rule 28(j) to bring to the Court's attention relevant federal court decisions issued since the parties filed their supplemental briefs in this case in 2022.

First, the United States Court of Appeals for the Seventh Circuit, on November 3, 2023, decided *Bevis v. City of Naperville*, 85 F.4th 1175 (7th Cir. 2023), which addressed Second Amendment challenges to various state and local laws banning assault rifles and large-capacity magazines. The Seventh Circuit held that plaintiffs were not entitled to preliminary injunctive relief because they had failed to show a likelihood of success on the merits. Relying on *District of Columbia v. Heller*, 554 U.S. 570 (2008), the court ruled that the weapons and magazines at issue were akin to military-grade weaponry and thus excluded from the "arms" protected by the Second Amendment. 85 F.4th at 1195. Further, even if the items covered by the laws were properly considered bearable "arms," the court ruled that the laws were consistent with the history and tradition of firearms regulation in the United States under the standard set forth in *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). *See* 84 F.4th at 1197-98.[1]

---

[1] A petition for certiorari was docketed on February 15, 2024.

February 29, 2024
Page 2

Second, several district courts have denied motions for preliminary injunctions against laws banning assault weapons and large-capacity magazines since *Bruen* was decided. *See, e.g.*, *Capen v. Campbell*, No. 22-11431, 2023 WL 8851005 (D. Mass. Dec. 21, 2023) (appeal filed); *Grant v. Lamont*, No. 3:22-cv-01223, 2023 WL 5533522 (D. Conn. Aug. 28, 2023); *National Ass'n for Gun Rights v. Lamont*, No. 3:22-1118, 2023 WL 4975979 (D. Conn. Aug. 3, 2023); *Hartford v. Ferguson*, No. 3:23-cv-05364, 2023 WL 3836230 (W.D. Wash. June 6, 2023); *but see Miller v. Bonta*, No. 3:19-cv-1537, 2023 WL 6929336 (S.D. Cal. Oct. 19, 2023) (appeal filed, stayed).

                                                  Respectfully submitted,

                                                  /s/

                                                  Robert A. Scott
                                                  Assistant Attorney General

cc:     All Counsel of Record