# Cooper & Kirk

Lawyers
A Professional Limited Liability Company

David. H. Thompson  
(202) 220-9659  
dthompson@cooperkirk.com

1523 New Hampshire Avenue, N.W.  
Washington, D.C. 20036

(202) 220-9600  
Fax (202) 220-9601

March 19, 2024

**Via CM/ECF:**  
Nwamaka Anowi  
Clerk of Court  
U.S. Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, VA 23219

    RE:   *Dominic Bianchi v. Anthony Brown*, No. 21-1255 (4th Cir.)

Dear Ms. Anowi,

    Plaintiffs write in response to Maryland's submission of *Rupp v. Bonta*, No. 17-cv-746 (C.D. Cal. Mar. 15, 2023), as supplemental authority. *Rupp* should not inform this Court's decision in this case.

    First, as Maryland points out, *Rupp* considered whether the banned firearms were "dangerous and unusual" as part of the textual inquiry under *Bruen*, *see* slip op. 15, but as Plaintiffs have explained, that is an *historical* question, on which Maryland bears the burden, *see generally* Pls.' Suppl. Br., Doc. 105 (Mar. 12, 2024).

    Second, regardless of who bears the burden, the argument that the arms banned by Maryland are somehow "unusual" is untenable. *See id.* at 8–10; *see also* Pls.' Post-*Bruen* Br. 27–28, Doc. 42 (Aug. 22, 2022). The only way *Rupp* reaches a contrary conclusion is by purporting to compare the number of banned firearms possessed for self-defense compared to handguns. Slip op. 29–31. But regardless of how the numbers are dissected, there simply is no plausible case that the most popular rifles in the Nation are "unusual" firearms. *See* Pls.' Suppl. Br. 9.

    Third, *Rupp* was wrong to find the banned firearms "dangerous." Indeed, *Rupp* found some of the features banned by California to be "dangerous" because

Nwamaka Anowi, Clerk of Court
March 19, 2024
Page 2

they permitted an individual to better control his firearm. *See* slip op. 21. Under Supreme Court precedent, the question is whether the arms in question are more dangerous (in the hands of a law-abiding citizen) than others in common use, Pls.' Post-*Bruen* Br. 25–26, and here Maryland's own sources prove they are not. Maryland cites the work of Koper, who acknowledges the banned firearms are no more lethal than other semiautomatic rifles, *id.* at 25, and to Rhee, who in the paper cited by Maryland explains that AR-15s typically fire intermediate ammunition that leaves the firearm with less than half the energy of many other common rifles, including the M1 Garand, which is expressly exempted from Maryland's ban. *See* Peter M. Rhee, et al., *Gunshot Wounds: A Review of Ballistics, Bullets, Weapons, and Myths*, 80 TRAUMA & ACUTE CARE SURGERY 853, 856 (2016).

    Sincerely,

    /s/David H. Thompson
    David H. Thompson

    *Counsel for Plaintiffs-Appellants*